## In re Appointment of Judge of Election

*Saul L. Rubin*, for Stella C. Olive, petitioner.
*Sylvan Libson*, for Anthony Cuda, petitioner.

EGAN, J., May 1, 1935.—On November 17, 1933, Edward Harris was elected to the office of judge of election in the Third Election District of the Twenty-fifth Ward, City of Pittsburgh, and has since died, thereby creating a vacancy in said office.

Anthony Cuda, a Democrat, and Stella C. Olive, a Republican, are applicants for the office. Both appeared in court and are well fitted to serve, being competent persons of good character and known in said district.

The court is asked to interpret the Act of May 16, 1921, P. L. 618, sec. 1, which provides: "In all election districts where a vacancy exists . . . the judge or judges of the court of quarter sessions . . . shall . . . fill . . . vacancies . . . and the judge of election shall, in all cases, be of the political party having the majority of

votes in said district as nearly as the said judge or judges can ascertain the fact".

In the agreed statement of facts it appears that in the primary election of May, 1934, in this district the Republican party had a majority of the votes cast, and in the general election of 1934 the Democratic party had a majority of the votes cast.

The court is unanimous in its opinion that the expression "majority of votes" means the calculation as determined by the results of the next preceding general election prior to the filling of the vacancy. It does not mean a determination from the total figures on the registration books, because one party may have a majority according to the list of registered voters, and another party may carry the election in the district by an overwhelming majority. If the words meant that registration lists should govern in making the selection, then the words, "as nearly as the said judge or judges can ascertain the fact", would have no meaning, as there would never be any doubt about that question. But in a consideration of the results of a general election, it might be that in a district certain candidates of one party would be successful by a few votes, and certain candidates of another party might be successful by a few votes, making it a problem for the appointing judge to ascertain the political party that had secured a majority of the votes in the district. That difficulty is not before us in the matter in issue, as the parties, by their stipulation filed, have agreed that in the general election of 1934 in this district the Democratic party had a majority of the votes cast. Therefore, the Democratic applicant, Anthony Cuda, is entitled, under the provisions of the above act, to be appointed judge of election.